

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*in part*
Overruled by *5171-Q*

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. 0-5171
Re: Validity of attempted altera-
tion of House Bill No. 105 by
concurrent resolution.

Your request for opinion, dated March 31, 1943,
has been received and considered by this department. We
quote from your letter of request as follows:

"House Bill No. 105 was passed by the House
of Representatives of the Forty-Eighth Legislature
on February 4, 1943 by a record vote of 121 Ayes
and 0 Nays; was passed by the Senate on February
17, 1943 by a record vote of 30 Ayes and 0 Nays;
was approved by the Governer on February 18, 1943;
and was filed in the office of the Secretary of
State on the 19th day of February, 1943.

"The bill carried an emergency clause and,
as you will note, received a sufficient vote to
place it in immediate effect.

"The certificate of the Secretary of the
Senate on the enrolled bill which was filed in the
office of the Secretary of State erroneously shows
that the bill was passed in the Senate by a viva
voce vote which, of course, would preclude the
bill from taking immediate effect.

"The Senate Journal of February 17, 1943, at
Page 235, correctly shows the record vote by which
the bill was passed.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Attached hereto is copy of a proposed Senate concurrent resolution authorizing the Secretary of the Senate, in the presence of the Secretary of State, to correct his certificate on the enrolled bill filed in the office of the Secretary of State, and expressing the legislative intent that said bill be effective from and after the date of approval by the Governor.

"In the light of the above facts, please advise this Department upon the following questions:

"1. Is the attached Senate concurrent resolution, if passed by both Houses of the Legislature, sufficient to authorize the correction of the certificate of the Secretary of the Senate in the manner therein specified?

"2. Is the authority of the Senate concurrent resolution, if passed, sufficient to authorize the Secretary of State to permit the certificate to be corrected?

"3. Is the Senate concurrent resolution, if passed, sufficient to render the bill effective from and after its date of approval by the Governor?

"4. As to any of the above questions which might be answered in the negative, please advise in what manner the intended purposes of the resolution can be accomplished.

"5. In the event such bill would not be rendered effective by the concurrent resolution from its date of approval by the Governor, would it become effective immediately upon the passage of such resolution?

"For your full information, copy of the Senate Journal of February 17, 1943, together with photostatic copy of House Bill No. 105 are also enclosed.

". . . ."

The effect of the error in the certificate of the Secretary of the Senate is, as you state, that the provisions

of House Bill No. 105 do not become effective until ninety days after the adjournment of the current session of the Forty-Eighth Legislature. Constitution of the State of Texas, Article III, Section 39. However, notwithstanding the delayed effective date of this act, House Bill No. 105 became law when signed by the Governor and filed with the Secretary of State, and is now a fully valid and subsisting portion of the laws of this State.

The courts of this State, in company with a large majority of the courts of other jurisdictions, have consistently refused to allow facts extrinsic to the enrolled bill to alter or in any way to affect their interpretation of such bill. In the case of Ellison v. Texas Liquor Control Board, 154 S. W. (2d) 322 (writ of error refused), we find this established rule of construction stated as follows:

"The 'enrolled bill rule' is applied by the courts in Texas, which, as stated in Texas Jurisprudence, Vol. 39, p. 121, is as follows: 'In the review of enactments, the Courts of Texas have long since adopted the so-called "enrolled bill rule", to the effect that a duly authenticated, approved and enrolled statute imports absolute verity and is conclusive that the act was passed in every respect according to constitutional requirements. In other words, according to the settled rule an act passed by the Legislature, signed by the proper officers of each house, approved by the Governor, or passed notwithstanding, and filed in the office of the Secretary of State, constitutes a conclusive record of the passage of the act as enrolled. As against this record resort may not be had to a proclamation of the Governor, to the terms of the bill as originally introduced or amendments thereto, to the journal of the Legislature, nor to parol evidence for the purpose of impeaching or invalidating the law.' The opinion of Justice Gaines in Williams v. Taylor, 83 Tex. 667, 19 S. W. 156, make it unnecessary, in this opinion, to show why the journals of the Legislature or Senate will not be received to impeach an enrolled bill. See also King v. Terrell, Comptroller, Tex. Civ. App., 218 S. W. 42. The evidence relied upon by appellants as establishing that the bill, as passed by the House of Representatives, was passed by the Senate with amendments

depends upon entries in the journals of the House. To receive such evidence would be contrary to the 'enrolled bill rule'."

See to the same effect Williams v. Taylor, 83 Tex. 672, 19 S. W. 156, Jackson v. Walker, 121 Tex. 303, 49 S. W. (2d) 693, and El Paso & S. W. R. Co. v. Foth, 101 Tex. 133, 100 S. W. 171, 105 S. W. 322. While this rule has heretofore been employed to thwart attempts to invalidate statutes because of alleged failures to conform with procedural requirements attendant to their passage, we feel that it is equally applicable to attempts to alter the provisions of enrolled bills by showing the occurrence of procedural facts contrary to those appearing on such bills.

Since House Bill No. 105 is now a part of the law of this State, any change effected therein must be by way of amendment or repeal, Southern Pacific Co. v. W. T. Meadors & Co., 129 S. W. 170 (writ of error refused), and it is elementary that an existing law can neither be repealed nor amended by resolution. Caples v. Cole, 129 Tex. 370, 102 S. W. (2d) 173.

We are not unaware that in the case of Davis v. State, 225 S. W. 532, the Court of Criminal Appeals held good a concurrent resolution which corrected a clerical mistake in a bill previously passed by the Legislature. However, in that case the bill, although passed by the Legislature, had neither been approved by the Governor nor filed without his signature. Since the bill had not finally been enacted into law, a correction thereof in no way constituted an amendment of an existing law.

Our conclusion is strengthened by another consideration. At the time House Bill No. 105 came before the Governor, it was apparent from the face of the bill that, if approved, the bill would take effect ninety days after the date of adjournment of the present Legislature. Conceivably this fact might well have influenced the Governor's decision to sign the bill. To allow a concurrent resolution to alter the effective date of House Bill No. 105 would be to allow it to commit the Governor to a different bill from the one which he signed and might well be to commit him to a bill which he would not have signed had it been placed before him in its altered form.

Honorable Sidney Latham, Page 5

Consequently, for the reasons above stated we answer your first three questions in the negative.

With reference to your last two questions, we respectfully suggest that House Bill No. 105 might be repealed and its provisions embodied in another act and that such act would become effective immediately upon its passage and approval provided it contained an emergency clause and was passed in conformance with the rules governing emergency bills.

Trusting that the foregoing satisfactorily answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:mp

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN